Tyler J. Woods, Bar No. 232464
twoods@trialnewport.com
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

*Attorneys for Plaintiff Shipping and Transit, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPPING AND TRANSIT LLC, a Florida Limited Liability Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL GRAPHIC SERVICES, INC. an Illinois Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-3003<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: N/A<br>Trial Date: N/A |

# COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Shipping and Transit, LLC ("Plaintiff"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff is a company organized and existing under the laws of Florida and having an address at 711 SW 24th, Boynton Beach, Florida 33435.

2. On information and belief, defendant Financial Graphic Services, Inc., ("Defendant") is a corporation existing under the laws of Illinois.

3. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## JURISDICTION AND VENUE

4. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this forum.

/ / /

/ / /

## THE PATENTS-IN-SUIT

8. On July 2, 2002, United States Patent No. 6,415,207 ("the '207 Patent"), entitled, "System and method for automatically providing vehicle status information" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '207 Patent is attached as Exhibit A to this complaint.

9. On July 13, 2004, United States Patent No. 6,763,299 ("the '299 Patent"), entitled, "Notification systems and methods with notifications based upon prior stop locations" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '299 Patent is attached as Exhibit B to this complaint.

10. Plaintiff is the assignee and owner of the right, title and interest in and to the '207 Patent, and '299 Patent including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## DEFENDANT'S INFRINGEMENTS

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '299 and '207 Patents by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

12. By way of example, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process. Defendant explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website. When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking. Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package

starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address). This process is evidenced on Defendant's web page:

### eVolve™ Suite of Products

eVolve provides the most robust infrastructure available in the industry. Our strategy to constantly improve these products with the addition of new features and functionality ensures that our clients will always be kept ahead of the curve. We embrace new trends and the need to provide our clients a means of constant process improvement. All modules support integration with external systems using standard FGS APIs and a Punch Out Ready environment. We've made it simple for you to cost-effectively integrate with any of your existing CRM or ERP systems. eVolve products can be deployed as individual solutions or as one centralized integrated offering. With FGS you can eliminate multiple systems and multiple vendors, merge and manage multiple departments and divisions within a single system, which improves workflow, reporting, and reduces overall costs.

#### eVolve™ (Fulfillment Management)

Fulfillment has changed and many fulfillment companies take years to keep up with these trends, or do so only by client request. Often times there is little consideration given to downstream processes that will be utilized to process orders, create and print custom documents, and ensure quality control is in place.

Information is vital to making proper decisions which is why we have built a completely real-time, integrated solution that covers all of these points. We recognize that your fulfillment capability is only as good as the technology available to execute, manage, and support operations. To run a best-of-breed fulfillment operation these solutions
have to integrate through all aspects of the operational infrastructure, and with FGS they do.

Read More

#### eVolve™ (Fulfillment Order Placement)

The role of fulfillment is changing. The convergence of data, dynamic document creation, campaign management, one-to-one techniques, and multiple message delivery methods is a must-have for any fulfillment-based operation to succeed. FGS has re-invented this product to meet these trends and is well positioned to deliver the results to you.

Read More

#### eVolve™ (Web to Print)

The FGS eVolve Web to Print (W2P) solution is based on the same powerful eCommerce style approach as our core fulfillment offerings. The system can be deployed as a standalone or integrated solution for internal, external, or public use. Its core purpose is to decentralize document creation to a field of users without the loss of control over brand and content. We built a template driven solution allowing users to follow an intuitive step-by-step approach to create personalize documents without compromising brand integrity.

Read More

#### eVolve™ (eDistribution)

The internet has become a viable and inexpensive way to communicate and deliver messages. This solution puts campaign management and execution at your fingertips. This product can be deployed as a stand-alone solution or as an integrated module within our fulfillment application.

Read More

### Management Technologies

http://www.fgraphic.com/services/technology/

NEWPORT TRIAL GROUP

> **Shipping & Payment Features & Functionality**
>
> + Shipping method choice & selection with many business rules to control cost
> + Rate Shopping allows comparative pricing to automatically ship using the best method
> + Real-time status and ETA notifications upon ordering and at time of shipping
> + Zero-payment orders, budget allowances and credit card payments accepted
> + Approval Queue provides extended cost-management of order volume
> + Web-enabled tracking information provides up to the minute proof-of-delivery

http://www.fgraphic.com/services/technology/evolve/evolve-fulfillment/

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,415,207

13. Plaintiff repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Defendant has in the past and still is directly (and through inducement) infringing, or directly infringing under the doctrine of equivalents, one or more claims of the '207 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables

communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

15. The use of a computer based notification system whereby a customer requests and receives an email notification tracking her shipment is material to practicing the methods of the '207 Patent.

16. Defendant has knowledge of the fact that its products and services as administered infringe one or more claims of the '207 Patent, and as direct, firsthand knowledge of the '207 Patent as a result of Plaintiff informing Defendant of the '207 Patent and Defendant's infringement thereof by way of a letter dated February 16, 2016.

17. Thus, Defendant has been on notice of the '207 Patent since at least the date it received Plaintiff's letter dated February 16, 2016.

18. Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated February 16, 2016.

19. Upon information and belief, Defendant's continued infringement despite its knowledge of the '207 Patent and the accusations of infringement has been objectively reckless and willful.

20. Plaintiff is therefore entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '207 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,763,299**

21. Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 as if fully set forth herein.

22. Defendant has in the past and still is directly (and through inducement) infringing, or directly infringing under the doctrine of equivalents, one or more claims of the '299 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables

communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

23. The use of a computer based notification system whereby a customer requests and receives an email notification tracking her shipment is material to practicing the methods of the '299 Patent.

24. Defendant has knowledge of the fact that its products and services as administered infringe one or more claims of the '299 Patent, and as direct, firsthand knowledge of the '299 Patent as a result of Plaintiff informing Defendant of the '299 Patent and Defendant's infringement thereof by way of a letter dated February 16, 2016.

25. Thus, Defendant has been on notice of the '299 Patent since at least the date it received Plaintiff's letter dated February 16, 2016.

26. Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated February 16, 2016.

27. Upon information and belief, Defendant's continued infringement despite its knowledge of the '299 Patent and the accusations of infringement has been objectively reckless and willful.

28. Plaintiff is therefore entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '299 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '207 and '299 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the, '207 and '299 Patents and any continuing or future infringement through the date such judgment is entered, including

interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

      D.    To the extent Defendant's conduct subsequent to the date of its notice of the, '207 and '299 Patents are found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for its willful infringement of the '207 and '299 Patents; and

      E.    An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: May 3, 2016                    NEWPORT TRIAL GROUP

                                      By: */s/Tyler J Woods*
                                            Tyler J. Woods
                                            Attorney for Plaintiff
                                            Shipping and Transit, LLC

**NEWPORT TRIAL GROUP**

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: May 3, 2016               NEWPORT TRIAL GROUP

                                 By: */s/Tyler J Woods*
                                     Tyler J. Woods
                                     Attorney for Plaintiff
                                     Shipping and Transit, LLC